UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>                              Plaintiff,<br><br>           - against -<br><br> JOHN DOE, subscriber assigned IP address<br> 68.132.229.104,<br><br>                              Defendant. | **ORDER**<br><br>23 Civ. 2185 (PGG) |

PAUL G. GARDEPHE, U.S.D.J.:

Having considered Plaintiff's Pre-Motion Request to File a Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (Dkt. No. 8), and it appearing to the Court that there is good cause to permit Plaintiff to serve a subpoena upon Verizon Fios – the internet service provider ("ISP") – to ascertain the identity of the Defendant in this case, it is hereby ORDERED that

1. Plaintiff may serve the ISP with a Rule 45 subpoena seeking the true name and address of the Defendant to whom the ISP assigned an IP address as set forth in the Complaint in this action;

2. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to the Defendant;

3. Plaintiff shall attach to any such subpoena a copy of this Order;

4. if and when the ISP or other service provider is served with such subpoena, the provider shall give written notice, which may include e-mail notice, to any affected

subscribers within ten business days, and such notice shall inform the subscribers of their right to challenge the subpoena in this Court;

5.  if a subscriber wishes to modify or quash a subpoena, the subscriber shall have thirty days from the date the subscriber receives notice of the subpoena from the service provider to do so;

6.  if the ISP or other service provider served with a Rule 45 subpoena wishes to modify or quash the subpoena, such party must do so before the return date of the subpoena, which shall be forty days from the date of service;

7.  the ISP or other service provider shall not turn over the identifying information of a subscriber until the subscriber's time to challenge the Rule 45 subpoena has expired;

8.  if the ISP qualifies as a "cable operator" as defined by 47 U.S.C. § 522(5), which provides that

> the term "cable operator" means any person or group of persons
>
> > (A)  who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
> >
> > (B)  who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system,

the ISP shall comply with 47 U.S.C. § 551(c)(2)(B), which provides that "a cable operator may disclose [personally identifiable information] if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed." 47 U.S.C § 551(c)(2)(B);

2

9.   the ISP shall preserve any subpoenaed information pending the resolution of any

timely filed motion to quash; and

10. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena

serve on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set

forth in the Complaint in this action.

In addition, the Court will not schedule any Rule 16 conference until Defendant is

named and served.

The Clerk of the Court is directed to terminate the motion pending at Dkt. No. 6.

Dated: New York, New York
           April _7_, 2023

SO ORDERED.

Paul G. Gardephe
United States District Judge

3